**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

***Attorneys for Plaintiff and the Proposed Classes***

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC FRANTZ, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FORCE FACTOR, LLC<br><br>Defendant. | Case No.: **'20 CV 1012 BEN KSC**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.***<br><br>DEMAND FOR JURY TRIAL |

*Frantz v. Force Factor, LLC*
CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiff Eric Frantz ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Force Factor, LLC ("Force Factor" or "Defendant"), in negligently, and/or willfully contacting Plaintiff through phone calls and text messages on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.      The TCPA strictly forbids nuisance phone calls and text messages exactly like those alleged in this Complaint – intrusive phone calls and text messages to private cellular phone, placed to numbers obtained without the prior express consent of the recipients.

2.      In a misguided effort to solicit business, Force Factor routinely contacts individuals through mass telephone campaigns and text messaging with automatic telephone dialing equipment.  However, Force Factor regularly makes these phone calls and sends these text messages to cellular telephones, without consent, let alone prior express written consent, in violation of the TCPA.

3.      Force Factor's violations caused Plaintiff and members of the Classes to experience actual harm, included aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing phone calls and text messages, as well as the violation of their statutory rights.

4.      Plaintiff and members of the Classes suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendant's conduct, and is likely to be redressed by a favorable decision in this action.

1

*Frantz v. Force Factor, LLC*
CLASS ACTION COMPLAINT

1    5.    Plaintiff seeks an injunction stopping Force Factor from making
2  unsolicited phone calls and from sending unsolicited text messages, as well as an
3  award of statutory damages under the TCPA, together with costs and reasonable
4  attorneys' fees.

5                              **JURISDICTION AND VENUE**

6    6.    This Court has federal question subject matter jurisdiction under 28
7  U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act,
8  47 U.S.C. § 227 *et seq*., a federal statute. *Mims v. Arrow Financial Services, LLC*,
9  132 S.Ct. 740, 751-53 (2012).   Jurisdiction is also proper under 28 U.S.C. §
10 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call and text
11 message in violation of the TCPA, which, when aggregated among a proposed class
12 number in the tens of thousands, exceeds the $5,000,000 threshold for federal court
13 jurisdiction.  Further, Plaintiff alleges national classes, which will result in at least
14 one class member belonging to a different state than that of the Defendant, providing
15 jurisdiction under 28 U.S.C. § 1332(d)(2)(A).  Therefore, both elements of diversity
16 jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and
17 this Court has jurisdiction.

18   7.    The Court has personal jurisdiction over Defendant and venue is proper
19 in this District because Defendant transacts significant amounts of business within
20 this District, and the conduct and events giving rise to the claims, mainly the receipt
21 of the unsolicited phone calls and text messages, occurred in this District.

22                                    **PARTIES**

23   8.    Plaintiff Eric Frantz is, and at all times mentioned herein was, a resident
24 of the State of California, County of San Diego. He is, and at all times mentioned
25 herein, was a "person" as defined by 47 U.S.C. § 153 (39).

26   9.    Defendant Force Factor, LLC is located in Boston, Massachusetts, and
27 is a "person" as defined by 47 U.S.C. § 153 (39).

28

*Frantz v. Force Factor, LLC*
CLASS ACTION COMPLAINT

## THE TELEPHONE CONSUMERS PROTECTION ACT OF 1991 ("TCPA")

## 47 U.S.C. §§ 227 *et seq.*

10.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

12.     As recognized by the Federal Communication Commission ("FCC") and the Courts, a text message is a call under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

13.     According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

14.     One of the most bulk advertising methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which is a system

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *In Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014 (2003) ("2003 TCPA Order").

that allows for transmission and receipt of short text messages to and from wireless telephones.

15.     SMS text messages are directed to a wireless device through a telephone number assigned to the device.  When an SMS text message is successfully transmitted, the recipient's wireless phone alerts the recipient that a message has been received.  Because wireless telephones are carried on their owner's person, SMS text message are received virtually anywhere in the world.

16.     Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message they receive or incur a usage allocation deduction to their text messaging or data plan, regardless of whether the message is authorized.

17.     Moreover, the transmission of an unsolicited SMS text message to a cellular device is distracting and aggravating to the recipient; intrudes upon the recipient's seclusion; wastes a quantifiable amount of available data on the recipient's cellular device, thereby reducing its data storage capacity; temporarily reduces the available computing power and application processing speed on the recipient's device; diminishes the available battery power which shortens the battery life; and requires expending a quantifiable amount of energy (electricity) to recoup the battery power lost as a result of receiving such a message.

18.     The TCPA makes it "unlawful for any person within the United States ... (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... (iii) to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

19.     "A person or entity" can bring a claim to recover the greater of actual damages or $500 for a violation of § 227(b)(1)(A)(iii). *Id.* § 227(b)(3). A court may award treble damages for a willful or knowing violation. *Id.*

20.     The TCPA defines "automatic telephone dialing systems" (ATDS) as follows: (1) The term 'automatic telephone dialing system' means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *See* Pub. L. No. 102-243, § 227, 105 Stat. 2394, 2395.

21.     "[T]he statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a "random or sequential number generator," but also includes devices with the capacity to dial stored numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018).

22.     Prior express consent is an affirmative defense on which Defendant bear the burden of proof.  The type of consent required depends on the content of the message.  If the message contains advertising or is telemarketing, the sender must have secured, prior to sending the message, the signature of the recipient in a written agreement that includes several specified disclosures. *See* 47 C.F.R. § 64.1200(f)(8).

23.     As of October 16, 2013, express **written** consent is required to make any such telemarketing calls.[4] The express written consent must be signed and be sufficient to show the consumer received clear and conspicuous disclosure of the significance of providing consent and must further unambiguously agree to receive future phone calls.[5]

## COMMON FACTUAL ALLEGATIONS

24.     Force Factor is a sport nutrition and supplement company.

25.     Force Factor places phone calls and sends text messages to consumers without having the necessary prior express written consent to do so in violation of the TCPA.

---

[4] *In Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1837 ¶ 18, 1839 ¶ 20, 1858 ¶ 71 (2012) ("2012 FCC Order").

[5] 2012 FCC Order at 1844 ¶ 13.

*Frantz v. Force Factor, LLC*
CLASS ACTION COMPLAINT

26.    Force Factor makes these unsolicited phone calls and places these unsolicited text message calls using equipment that has the capacity to store or produce telephone numbers, and to dial such numbers, without any need for human intervention.

27.    These unsolicited phone calls and text messages placed to wireless telephones were placed *via* an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place phone calls and text messages to consumers' cellular telephone.

28.    The TCPA was intended to give individuals control over how and where they receive calls and text messages.  When Force Factor places phone calls and sends text message to consumers without their consent, it fails to address or respect the limitations imposed by the TCPA.  In doing so, it takes control away from the consumers and violates both the spirit and the letter of the TCPA.

29.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

**FACTS SPECIFIC TO PLAINTIFF**

30.    On or around October 2019, Plaintiff began receiving unsolicited promotional phone calls from Force Factor to his wireless phone ending in the number 9136, for which Plaintiff provided no consent to call, in an attempt to solicit his business.

31.    On or around October 2019, Plaintiff also began receiving unsolicited, promotional text messages from Force Factor to his wireless phone ending in the number 9136, for which Plaintiff provided no consent to text, in an attempt to solicit his business.

*Frantz v. Force Factor, LLC*
CLASS ACTION COMPLAINT

32.     Defendant utilized the SMS Code 696969 to send promotional text messages to Plaintiff.  This number is owned or leased by Force Factor.

33.     The unsolicited phone calls and text messages Force Factor sent to Plaintiff on his mobile telephone were solicitation and advertisements for free product or the purchase of Defendant's products.

34.     Plaintiff received at least three (3) unsolicited phone calls from Defendant and 47 unsolicited text messages from Defendant.

35.     One such unsolicited text message from Force Factor received by Plaintiff came in at 2:57 a.m. and stated:

> SCORE!: Maximize physical response with the libido enhancer on the rise at GNC, CVS, & Walmart. Click http://SnagSCORE.com/SCORE36 for a complimentary bottle.

36.     One such unsolicited text message from Force Factor received by Plaintiff came in at 7:20 p.m. and stated:

> You probably take a multivitamin. Why not take something for your sexual health? Order your sample of SCORE! today: https://forcefactor.com/t/12d8et

37.     All of the text messages were generic in nature, impersonal and do not provide a means for Plaintiff to opt-out.

38.     Plaintiff has never done business with Defendant and has never provided Defendant with his phone number or consented to phone calls or text message calls from Defendant on his mobile telephone.

39.     These unsolicited and promotional phone calls and text messages placed to Plaintiff's mobile telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), which had the capacity to produce or store numbers randomly or sequentially, and to place telephone calls and/or text message calls to Plaintiff's cellular telephone by dialing such numbers.

*Frantz v. Force Factor, LLC*
CLASS ACTION COMPLAINT

40.    The unsolicited and promotional text messages placed to Plaintiff's mobile telephone also featured a prerecorded voice as the text messages were pre-populated with uniform text.

41.    The telephone number that Defendant, or its agents, called and texted was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

42.    These phone calls and text messages constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

43.    Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited phone calls or unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(A) and/or has revoked any alleged prior express consent.

44.    These phone calls and text messages by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

45.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and on behalf of and all others similarly situated ("the Classes").

46.    **Phone Call Class:** Plaintiff represents, and is a member of the Phone Call Class, consisting of all persons within the United States who received any unsolicited, promotional phone calls from Defendant or its agents on their cellular telephones through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3) or featuring prerecorded voice messages, which phone calls by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint through the date of final approval.

47.    **Text Message Class:** Plaintiff represents, and is a member of the Text Message Class, consisting of all persons within the United States who received any unsolicited, promotional text message from Defendant or its agents on their cellular

1 telephones through the use of any automatic telephone dialing system as set forth in

2 47 U.S.C. § 227(b)(1)(A)(3) or featuring prerecorded voice messages, which text

3 messages by Defendant or its agents were not made for emergency purposes or with

4 the recipients' prior express consent, within four years prior to the filing of this

5 Complaint through the date of final approval.

6     48.    Defendant and its employees or agents are excluded from the Classes.

7 Plaintiff does not know the number of members in the Classes, but believes members

8 number in the hundreds of thousands, if not more.  Thus, this matter should be

9 certified as a Class action to assist in the expeditious litigation of this matter.

10     49.    Plaintiff and members of the Classes were harmed by the acts of

11 Defendant in at least the following ways: Defendant, either directly or through its

12 agents, illegally contacted Plaintiff and members of the Classes via their cellular

13 telephones by using unsolicited promotional phone calls and text messages, thereby

14 causing Plaintiff and members of the Classes to incur certain cellular telephone

15 charges or reduce cellular telephone time for which Plaintiff and members of the

16 Classes previously paid, and invading the privacy of said Plaintiff and the members

17 of the Classes. Plaintiff and the members of the Classes were damaged thereby.

18     50.    This suit seeks only statutory damages and injunctive relief for on

19 behalf of the Classes and it expressly is not intended to request any recovery for

20 personal injury and claims related thereto.  Plaintiff reserves the right to expand the

21 Class definitions to seek recovery on behalf of additional persons as warranted as

22 facts are learned in further investigation and discovery.

23     51.    The joinder of the members of the Classes is impractical and the

24 disposition of their claims in the Class action will provide substantial benefits both

25 to the parties and to the Court.  The Classes can be identified through Defendant's

26 records or Defendant's agents' records.

27     52.    There is a well-defined community of interest in the questions of law

28 and fact involved affecting the parties to be represented.  The questions of law and

9

*Frantz v. Force Factor, LLC*
CLASS ACTION COMPLAINT

fact to the Classes predominate over questions which may affect individual members of the Classes, including the following:

    a. Whether, within the four years prior to the filing of this Complaint through the date of final approval, Defendant or its agents made promotional phone calls without the recipients' prior express consent (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Phone Call Class member using any automatic telephone dialing system, to any telephone number assigned to a cellular telephone service;

    b. Whether, within the four years prior to the filing of this Complaint through the date of final approval, Defendant or its agents sent promotional text messages without the recipients' prior express consent (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Text Message Class member using any automatic telephone dialing system, to any telephone number assigned to a cellular telephone service;

    c. Whether the equipment Defendant, or its agents, used to make the phone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    d. Whether the equipment Defendant, or its agents, used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

    e. Whether Defendant, or its agents, systematically made promotional phone calls to persons who did not previously provide Defendant with their prior express consent to receive such phone calls;

    f. Whether Defendant, or its agents, systematically sent promotional text messages to persons who did not previously provide Defendant with their prior express consent to receive such text messages;

10

g.  Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violation; and

h.  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

53.  As a person that received at least one unsolicited promotional phone call and one unsolicited promotional text message to his cellular telephone without prior express contest, Plaintiff is asserting claims that are typical of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interest antagonistic to any member of the Classes.

54.  Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, members of the Classes could afford to individually seek legal redress for the wrongs complained of herein.

55.  A class action is a superior method for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies

*Frantz v. Force Factor, LLC*
CLASS ACTION COMPLAINT

presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

56.     Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

## COUNT 1

### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

57.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.     Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  These telephone calls were made without the prior express consent of the Plaintiff and other members of the Phone Call Class to receive such telephone calls.

59.     Defendant made unauthorized automated text message calls using an automatic telephone dialing system or prerecorded voice to the cellular telephone number of Plaintiff and the other members of the Text Message Class without their prior express written consent.

60.     These text message calls were made *en masse* using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendant was able to send thousands of text

messages simultaneously to thousands of consumers' cellphones without human intervention.   These text messages are analogous to a prerecorded voice made without the prior express consent of the Plaintiff.

61.    The foregoing acts and omissions of Defendant and its agents constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

62.    As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT 2

#### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

#### 47 U.S.C. §§ 227 ET SEQ.

64.    Plaintiff incorporates by reference paragraphs 1-56 of this Complaint as though fully stated herein.

65.    Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.   These telephone calls were made without the prior express consent of the Plaintiff and other members of the Phone Call Class to receive such telephone calls.

66.    Defendant made unauthorized automated text message calls using an automatic telephone dialing system or prerecorded voice to the cellular telephone

13

1  number of Plaintiff and the other members of the Text Message Class without their

2  prior express written consent.

3       67.    These text message calls were made *en masse* using equipment that,

4  upon information and belief, had the capacity to store or produce telephone numbers

5  to be called, using a random or sequential number generator, and to dial such

6  numbers.  By using such equipment, Defendant was able to send thousands of text

7  messages simultaneously to thousands of consumers' cellphones without human

8  intervention.  These text messages are analogous to a prerecorded voice made

9  without the prior express consent of the Plaintiff.

10      68.    The foregoing acts and omissions of Defendant constitutes multiple

11 knowing and/or willful violations of the TCPA, including but not limited to each and

12 every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

13      69.    As a result of Defendant's knowing and/or willful violations of 47

14 U.S.C. § 227 *et seq.*, Plaintiff and the Classes are entitled to treble damages, as

15 provided by statute, up to $1,500.00, for each and every violation, pursuant to 47

16 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

17      70.    Plaintiff and the Classes are also entitled to and seek injunctive relief

18 prohibiting such conduct in the future.

19                          **PRAYER FOR RELIEF**

20 **Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the

21 Classes the following relief against Defendant:

22             **FIRST COUNT FOR NEGLIGENT VIOLATION OF THE TCPA**

23                        **47 U.S.C. §§ 227 *ET SEQ.***

24      71.    As a result of Defendant's, and Defendant's agents', negligent

25 violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Phone Call

26 Class member and each Text Message Class member $500.00 in statutory damages,

27 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28

*Frantz v. Force Factor, LLC*
CLASS ACTION COMPLAINT

72.    Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**SECOND COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA**

**47 U.S.C. §§ 227 *ET SEQ.***

73.    As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Phone Call Class member and each Text Message Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

74.    Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

* * *

75.    Any other relief the Court may deem reasonable, just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all phone calls and text messages, recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of calls or the sending of text messages, the events described herein, any third party associated with any telephone call, text message, campaign, account, sale or file associated with Plaintiff or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that

15

*Frantz v. Force Factor, LLC*
CLASS ACTION COMPLAINT

1   counsel may take appropriate action. This demand shall not narrow the scope of any

2   independent document preservation duties of Defendant.

3

4

5   Dated:  June 1, 2020

*s/ Ronald A. Marron*
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS M. WOOD
KAS L. GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

***Attorneys for Plaintiff***
***and the Proposed Classes***

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Frantz v. Force Factor, LLC*
CLASS ACTION COMPLAINT