UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC FRANTZ,<br><br>                      Plaintiff,<br><br>v.<br><br>FORCE FACTOR, LLC,<br><br>                      Defendant. | Case No.  20-cv-1012-MMA (KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY**<br><br>[Doc. No. 16] |

Force Factor, LLC ("Defendant") moves to stay the action pending resolution of *Facebook, Inc. v. Duguid*, Sup. Ct. Dkt. No. 19-511. *See* Doc. No. 16.[1] Eric Frantz ("Plaintiff") filed an opposition to Defendant's motion, and Defendant replied. *See* Doc. Nos. 18, 19.  The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1.  *See* Doc. No. 24.  For the reasons set forth below, the Court **GRANTS** Defendant's motion to stay.

### I. Background

This case arises from a series of promotional text messages Plaintiff received from Defendant.  According to Plaintiff's First Amended Complaint ("FAC"), in October

---

[1] All citations refer to the pagination assigned by the CM/ECF system.

2019, Plaintiff began receiving promotional text messages from Defendant after texting the word "SCORE" to receive a complimentary bottle of one of Defendant's products. *See* Doc. No. 12 ("FAC") ¶ 29.  Plaintiff alleges Defendant sent these text messages using an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act ("TCPA"), 48 U.S.C. § 227(b)(1). *See id.* ¶¶ 35, 39. Plaintiff contends the promotional text messages were sent using an ATDS, "which had the capacity to produce or store numbers randomly or sequentially, and to place text message calls to Plaintiff's cellular telephone by dialing such numbers." *Id.* ¶ 35. Furthermore, Plaintiff alleges these text messages were sent without the prior express consent of Plaintiff and that the text messages were not sent for emergency purposes. *See id.* ¶¶ 37, 38. Plaintiff alleges negligent and willful violations of the TCPA pursuant to 48 U.S.C. § 227. *See* FAC ¶¶ 51–63. Defendant now moves to stay this action pending resolution of *Facebook, Inc. v. Duguid*, Sup. Ct. Dkt. No. 19-511, currently before the United States Supreme Court.  *See* Doc. No. 16.

## II. LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court . . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, No. 13-cv-2014-H (KSC), 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citations omitted). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

In determining whether to grant a stay, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "'If there is even a fair possibility that the stay will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255). The burden is on the movant to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

### III. DISCUSSION

**A. The Definition of an ATDS**

Under the TCPA, it is "unlawful for any person within the United States . . . (A) to make any call . . . using any [ATDS] . . . (iii) to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The interpretation of 47 U.S.C. § 227(a)(1)(A) is the subject of a split among the circuit courts of appeal. "Specifically, the circuits are divided on the question of whether the clause 'random or sequential number generator' in Section 227(a)(1)(A) modifies both 'to store' and 'to produce.'" *Borden v. eFinancial, LLC*, No. C19-1430JLR, 2020 U.S. Dist. LEXIS 192912, at *3 (W.D. Wash. Oct. 16, 2020). "The Third, Seventh, and Eleventh [Circuits] have read the TCPA to apply only to devices with

the capacity to 'generate random or sequential telephone numbers and dial those numbers.'" *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020) (brackets omitted) (quoting *Dominguez on Behalf of Himself v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018)); *see also Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 461 (7th Cir. 2020); *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306–10 (11th Cir. 2020). In contrast, the Ninth Circuit defined an ATDS as "equipment which has the capacity—(1) to store numbers to be called *or* (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically." *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1150 (9th Cir. 2019) (emphasis added) (quoting *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018)). On July 9, 2020, the Supreme Court granted certiorari review of the Ninth Circuit's decision in *Duguid* to resolve this circuit split. *See Facebook, Inc. v. Duguid*, Sup. Ct. Dkt. No. 19-511. The Supreme Court's docket provides the following question presented: "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" *Id.*

## B. Stay Pending *Facebook*

Defendant argues that a stay pending the Supreme Court's decision in *Facebook* is warranted for the following reasons: (1) the Supreme Court's Decision in *Facebook* "will simplify the issues, narrow discovery, and potentially dispose of—or at least define—a necessary element of Plaintiff's claim"; (2) Defendant will suffer substantial harm if the case is not stayed pending the decision in *Facebook*; and (3) a stay would neither harm nor prejudice Plaintiff. Doc. No. 16 at 13–14; *see also* Doc. No. 19 at 4, 9, 10. Plaintiff counters that a stay is not warranted for the following reasons: (1) Plaintiff will be prejudiced by a stay; (2) denial of a stay will not result in hardship to Defendant; and (3) Defendant failed to establish that the Supreme Court's decision in *Facebook* will simplify the issues of this case. *See* Doc. No. 18 at 10–11, 15, 18–19.

### 1. Damage Resulting from Granting a Stay

The first factor the Court considers is "the possible damage which may result from the granting of a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc.*, 300 F.2d at 268). Plaintiff argues that he will be prejudiced by a "lengthy stay." Doc. No. 18 at 10. Plaintiff's primary concern is the risk of evidence being lost or destroyed. *See id.* at 12. Plaintiff also contends that a stay would force the putative class to wait "at least an additional year" before receiving any sort of relief from Defendant's marketing messages. *Id.* at 15.

The Court finds these concerns are relatively minimal and do not justify the denial of Defendant's motion to stay. First, both parties have an obligation to preserve evidence, and Defendant is aware of this obligation. *See Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020) (noting that the obligation to preserve evidence reduces the risk of evidence being destroyed, lost, corrupted, or forgotten); *Borden*, 2020 U.S. Dist. LEXIS 192912, at *7 (noting that the risk of evidence loss "appears minimal in light of the parties' obligations to preserve evidence"); *see also* Doc. No. 19 at 7 ("[Defendant] is preserving potentially relevant documents within its possession, custody, or control."). Second, the requested stay is not impermissibly "indefinite in nature." *Dependable Highway Exp., Inc.*, 498 F.3d at 1066. Rather, Defendant requests a stay of these proceedings pending the Supreme Court's decision in *Facebook*. Several courts have recognized that a 2021 decision in *Facebook* is likely. *See Borden*, 2020 U.S. Dist. LEXIS 192912, at *8; *Creasy v. Charter Commc'ns, Inc.*, No. CV 20-1199, 2020 WL 5761117, at *7 (E.D. La. Sept. 28, 2020); *Canady*, 2020 WL 5249263, at *3. Therefore, a stay would only minimally delay discovery. The obligation to preserve evidence, "coupled with the fact that the stay is not for an indefinite amount of time, further underscores that there is little risk of harm in instituting a stay." *Canady*, 2020 WL 5249263, at *4.

Plaintiff also argues a stay is improper because the putative class is "likely" still receiving marketing text messages from Defendant; therefore, the "individuals in the

putative class will be forced [to wait] at least an additional year on top of the usual litigation for any sort of potential relief should a stay be granted." Doc. No. 18 at 15. Plaintiff's argument is speculative. Plaintiff offers no support for the conclusion that Defendant is continuing to send marketing text messages in violation of the TCPA. Furthermore, nothing from the FAC suggests Plaintiff is in jeopardy of receiving additional text messages. *See Reynolds v. Geico Corp.*, No. 2:16-CV-01940-SU, 2017 WL 815238, at *4 (D. Or. Mar. 1, 2017) (noting that the potential prejudice to the plaintiff was minimal where there was no indication that the plaintiff was at risk of receiving additional text messages).

Accordingly, the court finds the first factor weighs in favor of a stay.

**2. Hardship or Inequity Defendant May Suffer Absent a Stay**

The second factor the Court considers is "the hardship or inequity which a party may suffer in being required to go forward." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc.*, 300 F.2d at 268). Defendant argues that, "if a stay is not granted, [Defendant] will be forced to expend unnecessary time and resources to defend relief that may be all but foreclosed by the Supreme Court's ruling in [*Facebook*]." Doc. No. 16 at 28. Specifically, Defendant contends that, in the absence of a stay, "the parties may be forced to complete the following benchmarks without the benefit of knowing the ATDS definition—a cornerstone issue in this litigation: fact discovery, class discovery, expert discovery, class certification, and summary judgment." *Id.* Plaintiff responds that Defendant has not established any hardship sufficient to warrant a stay because ATDS-related discovery will be needed regardless of the Supreme Court's decision in *Facebook*. *See* Doc. No. 18 at 16.

ATDS related discovery will likely be necessary regardless of the outcome in *Facebook*. However, the Supreme Court's decision in *Facebook* may narrow the scope of discovery because it will limit discovery to a single definition of an ATDS. *See Canady*, 2020 WL 5249263, at *4 ("The Supreme Court's resolution of *Facebook* has the potential to significantly narrow the issues involved in this case, including the scope of

discovery as to [the plaintiff's] ATDS allegations and the scope of [the plaintiff's] class-certification request."); *Saunders v. Sunrun, Inc.*, No. 19-cv-04548-HSG, 2020 WL 6342937, at *2 (N.D. Cal. Oct. 29, 2020) ("[A] decision in [*Facebook*] will likely simplify the matter and inform the parameters of discovery."). Furthermore, "[i]n the absence of a stay, the parties will have to expend time and money conducting discovery on an issue central to Defendant's liability while lacking a clear idea of the law that will ultimately apply at summary judgment or at trial." *Ambrezewicz v. LeadPoint, Inc.*, No. EDCV 16-2331 JGB (KKx), 2017 WL 8185862, at *4 (C.D. Cal. May 8, 2017); *see also Aleisa v. Square, Inc.*, No. 20-cv-00806-EMC, 2020 WL 5993226, at *8 (N.D. Cal. Oct. 9, 2020) ("[T]he parties and the Court would have to engage in costly and time-consuming class action discovery and ongoing litigation, which could be wasted."). Additionally, "[i]t is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens." *Babare v. Sigue Corp.*, No. C20-0894-JCC, 2020 U.S. Dist. LEXIS 180262, at *6 (W.D. Wash. Sep. 30, 2020).

Accordingly, the court finds that the second factor weighs in favor of a stay.

### 3. The Orderly Course of Justice

The third factor the Court considers is "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc.*, 300 F.2d at 268). Defendant argues that "any decision rendered by the Supreme Court will necessarily simplify numerous practical aspects of this case, including discovery, class certification, and motions practice, and will prevent duplicative proceedings." Doc. No. 16 at 24. Plaintiff responds that "Defendant's failure to explain how a decision in *Facebook* would narrow the scope of discovery . . . is reason enough to deny its motion." Doc. No. 18 at 19.

As discussed in the preceding section, a stay pending the outcome of *Facebook* will promote the orderly course of justice by clarifying the issues involved in this case. *See supra* Section III.B.2. The Supreme Court's decision in *Facebook* will provide

clarity to the definition of an ATDS, a central issue in both of Plaintiff's claims—negligent and willful violations of the TCPA. *See Sealey v. Chase Bank (U.S.A.), N.A.*, No. 19-CV-07710-JST, 2020 WL 5814108, at *2 (N.D. Cal. Sept. 29, 2020) ("[T]he orderly course of justice dictates that [*Facebook*] should be decided first, as that case addresses the central question at issue here."); *Borden*, 2020 U.S. Dist. LEXIS 192912, at *6 ("[A] stay will promote the orderly course of justice because the Supreme Court's decision will inform the central question at issue here: whether [the defendant] used an ATDS to send its text messages to [the plaintiff].").

Accordingly, the Court finds that the third factor weighs in favor of granting a stay. Therefore, after weighing the competing interests, the Court concludes that a stay is warranted pending the Supreme Court's resolution of *Facebook*.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to stay and **STAYS** this action pending the Supreme Court's resolution of *Facebook, Inc. v. Duguid*, Sup. Ct. Dkt. No. 19-511. The Court **ORDERS** that the parties submit a joint status report within **5 days** of the Supreme Court issuing its decision.

**IT IS SO ORDERED**.

Dated: November 13, 2020

HON. MICHAEL M. ANELLO
United States District Judge